# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent/Plaintiff,

v.                                             CV 08-0570 JC/WPL
                                                    CR 03-0847 JC

JOSE MANUEL MADRID, JR.,

        Movant/Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       Jose Manuel Madrid was convicted by a jury of conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *United States v. Madrid*, 222 F. App'x 721, 724 (10th Cir. 2007). The district judge sentenced him to imprisonment for 292 months followed by 5 years of supervised release. *Id.* He appealed the sentence, but the Tenth Circuit affirmed with one judge dissenting. *Id.* at 733-38.[1]

       The matter is before me now on Madrid's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, a memorandum in support of the motion, and the United States' response. Madrid contends that his right to due process was violated and that his trial counsel was ineffective. For the reasons that follow, I recommend that the motion be denied.

---

[1] Madrid was tried with his brother, who was also convicted of the conspiracy, as well as several other offenses. His convictions and sentence were also affirmed.

**DUE PROCESS**

As noted above, the jury found Madrid guilty of conspiring to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine. The statutorily authorized sentence for this offense is ten-years-to-life in prison. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. Under the Sentencing Guidelines, the base offense level for the offense begins at 32. *See* USSG § 2D1.1(c)(4). Because Madrid had no criminal history points, his sentencing range would have been 121-to-151 months if the base offense level of 32 applied. However, the district judge determined by a preponderance of the evidence that the conspiracy involved at least 213.4 grams of pure methamphetamine and 8.12 kilograms of a mixture containing the drug. *Madrid*, 222 F. App'x at 734-35. This determination raised the base offense level to 36. The district judge additionally raised the offense level because of Madrid's role in the offense and because he possessed a firearm in connection with the conspiracy. *Id.* at 734. Altogether, the increases in the offense level elevated the sentencing range to 292-to-365 months. *Id.* at 735.

In his § 2255 motion, Madrid argues that the district judge violated his Fifth Amendment right to due process by basing his sentence on facts the judge found by a preponderance of the evidence. In particular, Madrid refers to the judge's findings regarding drug quantity.

The Government asserts that this issue is procedurally defaulted because Madrid did not raise it on appeal. The Government further asserts that Madrid has not shown grounds for excusing the procedural default. I agree.

"The Supreme Court has 'long and consistently affirmed that a collateral attack may not do service for an appeal.'" *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Therefore, courts generally will not consider an

issue raised in a § 2255 motion if that issue was not raised on direct appeal. *Id.* This rule does not apply to claims of ineffective assistance of counsel. *United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995). It also does not apply if the defendant can demonstrate a fundamental miscarriage of justice or cause for the default and prejudice. *Harms*, 371 F.3d at 1211. A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice. *Id.*

On appeal, Madrid argued that the district judge treated the Sentencing Guidelines as mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005). He also argued that his sentence was unreasonable and that the district judge violated his Sixth Amendment right to a jury trial by increasing his sentence based on facts that the judge found by a preponderance of the evidence. *Madrid*, 222 F. App'x at 735-37. Although he raised the Sixth Amendment right to a jury trial in relation to the district judge's findings, he did not raise the Fifth Amendment right to due process. Madrid has not alleged cause and prejudice, a fundamental miscarriage of justice, or ineffective assistance of counsel to avoid the procedural default.

Madrid's Fifth Amendment due process argument also fails on the merits. While acknowledging that the essential elements of an offense must be proven beyond a reasonable doubt, the Tenth Circuit has stated, post-*Booker*, that a preponderance of the evidence standard is generally sufficient to satisfy due process concerns in the sentencing context. *United States v. Olsen*, 519 F.3d 1096, 1104 (10th Cir. 2008). "Because '[u]nder an advisory Guidelines regime, a conviction, by itself, authorizes a sentence up to the statutory maximum,' in ordinary cases, due process is not implicated by factual findings that result in a sentence below that statutory maximum." *Id.* (quoting *United States v. Crockett*, 435 F.3d 1305, 1319 (10th Cir. 2006)); *see also id.* at 1104 n.7 (noting that the appellant's "arguments, which invoke the Due Process Clause of the Fifth Amendment, are

conceptually distinct from, but not entirely unaffected by, the Sixth Amendment holding of *Booker*"); *United States v. Hardridge*, 149 F. App'x 746, 748-49 (10th Cir. 2005) (indicating that the Supreme Court's holding in *Booker* implicated the Fifth Amendment as well as the Sixth Amendment).

In Madrid's appeal, the Tenth Circuit noted that it has "repeatedly" held, post-*Booker*, that a judge does not violate the Sixth Amendment by increasing the sentence based on facts he finds by a preponderance of the evidence, "'so long as the judge applies the Guidelines in an advisory, rather than a mandatory, fashion . . . .'" *Madrid*, 222 F. App'x at 735 (quoting *United States v. Bustamante*, 454 F.3d 1200, 1202 (10th Cir. 2006)). By the same reasoning, a judge does not violate due process under the Fifth Amendment by increasing the sentence based on facts he finds by a preponderance of the evidence, as long as he applies the Guidelines in an advisory fashion. In Madrid's appeal, the Tenth Circuit indicated that the district judge treated the Guidelines as advisory. *See Madrid*, 222 F. App'x at 735. Consequently, Madrid's Fifth Amendment right to due process was not violated.

Madrid additionally argues that 21 U.S.C. § 846 is unconstitutionally vague. He contends that the statute did not put him on notice of what conduct is illegal because it did not warn him that his sentence could be increased based on his role in the offense or his possession of a firearm.

Like Madrid's other due process argument, this issue is procedurally defaulted because it was not raised on direct appeal and Madrid has not invoked any rationale for excusing the procedural default. Moreover, the Tenth Circuit has rejected Madrid's argument. *See United States v. Ramirez*, 479 F.3d 1229, 1256-57 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1074 (2008). In *Ramirez*, the court stated:

> Mr. Ramirez also contends 21 U.S.C. §§ 841 and 846 are void for vagueness because the guideline sentencing factors were not defined by statute as elements of the crimes or charged in the indictment. Mr. Ramirez concedes he "had sufficient notice to know that conspiring to distribute 500 grams or more of a mixture containing methamphetamine was unlawful conduct," but he asserts he "could not have known that he would be subject to criminal liability for his role in the offense or relevant conduct" recognized by sentencing enhancements. Ramirez. Br. at 17.
>
> . . .
>
> Mr. Ramirez's only conviction was for violating § 841 and § 846, the content of which he concedes he had sufficient notice. "The evidence produced at trial demonstrates that [the defendant] had knowledge of the illegality of his activities, and thus this is not a situation where he could not reasonably understand that his contemplated conduct is proscribed." *United States v. Day*, 223 F.3d 1225, 1229 (10th Cir. 2000) (internal quotation marks omitted). The district court here exercised its discretion to arrive at a carefully considered sentence that fell within the statutory range. The sentencing enhancements were not required to be included in the statute as elements of the crime because they were properly within the court's discretion at sentencing. We will not deem the statute vague due to their absence.

*Id.*[2]

### INEFFECTIVE ASSISTANCE OF COUNSEL

Madrid asserts that his trial counsel underestimated his sentencing exposure and thus was ineffective. To establish ineffective assistance of counsel, Madrid must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Second, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. He cannot prevail on the basis of vague or conclusory allegations about what his counsel told him or on the basis of allegations that are contradicted by the record or

---

[2] In an unpublished decision, a panel of the Tenth Circuit recently stated that part of *Ramirez*'s discussion regarding the Confrontation Clause is "not good law." *Garrison v. Ortiz*, No. 08-1216, 2008 WL 4636723, at *2 (10th Cir. Oct 21, 2008). The court did not criticize the vagueness ruling.

"wholly incredible." *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) (discussing necessity of evidentiary hearing).

Madrid filed his § 2255 motion on a preprinted, fill-in-the-blank form. He lists "Ineffective Assistance" as his second ground for relief, and under "Supporting facts" for this ground he states, "See memorandum." (Doc. 1 at 6.)[3] Madrid signed the declaration under penalty of perjury that appears at the end of the preprinted form. (*Id.* at 14.)

Along with the motion, Madrid filed a handwritten "Memorandum of Law in Support of Jose's 2255." (Doc. 2.) Madrid did not affirm the truth of the statements in the memorandum under oath or under penalty of perjury. Regarding the ineffective assistance claim, the memorandum states, "Attorney Vivek Glover Misinformed Madrid As To The Consequences of Proceeding to Trial." (*Id.* at 18.) It further states, "By grossly underestimating Madrid's sentencing exposure, counsel breached *her* duty as a defense lawyer in a criminal case to advise *her* client fully . . . ." (*Id.* at 19 (emphasis added).) The memorandum goes on to allege that "Glover, with unambiguous clarity" advised Madrid that he was facing a ten-year mandatory minimum and a sentencing range of 121-to-151 months if he was convicted at trial, so there would be no benefit to pleading guilty. (*Id.*) Counsel did not advise him that his sentence could be lengthened based on his role in the offense, possession of a gun, and attribution of additional drug quantities, or that his sentence could be shortened based on acceptance of responsibility.[4] The memorandum ends by concluding that Madrid was prejudiced

---

[3] This and subsequent document numbers refer to CV 08-0570 JC/WPL.

[4] Madrid also faults counsel for not advising him about the "safety valve" or a fast-track plea. However, it does not appear that either of these options were available to him. *See* 18 U.S.C. § 3553(f) (allowing sentence below statutory minimum if the defendant did not possess a firearm in connection with the offense and was not an organizer, leader, manager, or supervisor of others in the offense); *United States v. Martinez-Trujillo*, 468 F.3d 1266, 1267 (10th Cir. 2006) (stating that the fast-track program applies to persons

because he "proceed[ed] to trial on false information. Resulting in a significantly harsher sentence that if he had plead [sic]." (*Id.* at 20.)

The allegations in the memorandum are not credible. First, they are not sworn under oath or under penalty of perjury. *See* Rule 2(b), Rules Governing Section 2255 Proceedings (requiring motion to state the facts supporting each ground for relief and to be signed under penalty of perjury). Second, according to the memorandum, Vivek *Glover*, a female attorney, underestimated Madrid's sentencing range. Yet the record reflects that Leo Kelly, a male attorney, represented Madrid before this Court, and that Vivek *Grover*, a male attorney, represented him before the Tenth Circuit. Third, the 292-to-365 month Guideline range was set out in the presentence report and discussed in Madrid's presence at the sentencing hearing. Nevertheless, when given a chance by the district judge to speak before imposition of the sentence, Madrid did not claim that his attorney had advised him that a lower sentencing range applied. (Sentencing Tr. at 15.)

Even if I accept the allegations in the motion as true, Madrid is still not entitled to relief. "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Furthermore, Madrid has not established prejudice. At his arraignment, he was informed that the maximum sentence was life imprisonment and he stated that he understood this information. (Doc. 10 Ex. B.) Madrid also has not shown, or even alleged, that he would have pled guilty if he had been given an accurate sentence estimate. *Cf. Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (stating that the defendant's mere allegation that he would have insisted

---

accused of immigration offenses).

on going to trial is insufficient to show prejudice in a challenge to a guilty plea based on ineffective assistance of counsel).

## RECOMMENDATION

For the reasons stated above, I recommend that the § 2255 motion be denied and that CV 08-0570 JC/WPL be dismissed with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE